UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MAURICE PEARSON,<br>    Plaintiff,<br>    v.<br>JOHN MUIR HOSPITAL, et al.,<br>    Defendants. | Case No. 13-cv-02918-JST (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983 while incarcerated at the Martinez Detention Facility.[1] Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487

---

[1] Since plaintiff filed this complaint, he has been released from custody.

U.S. 42, 48 (1988).

The following facts are taken from plaintiff's complaint. On or about June 17, 2012, plaintiff was stabbed in Richmond, California. He was transported to John Muir Hospital in Walnut Creek, California for medical treatment. The following day, while still at John Muir Hospital recovering from surgery, plaintiff used a private phone to call the grandmother of the person who had stabbed him. A nurse, whose name plaintiff has not yet ascertained (hereafter "Nurse Jane Doe"), listened to the private conversation and then falsely reported to the Richmond Police Department that plaintiff had made the following statement in the conversation: "You know your grandson stabbed me. I'm going to kill him when I get out of here." As a result of the false report, plaintiff was arrested and charged with making a criminal threat. After 15 days of incarceration, plaintiff was released from custody and the charge was dismissed. Plaintiff claims that John Muir Hospital and Nurse Jane Doe "deprived him of liberty without due process of law" and violated his "doctor patient right to privacy."

Plaintiff's claims against John Muir Hospital and Nurse Jane Doe cannot proceed under 42 U.S.C. § 1983, because private individuals and entities do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974). Accordingly, defendants John Muir Hospital and Nurse Jane Doe are DISMISSED with prejudice.

In addition to John Muir Hospital and Nurse Jane Doe, plantiff names as a defendant Contra Costa County Sheriff David O. Livingston ("Livingston"). None of the allegations in the complaint, however, link Livingston to any of plaintiff's claims. Plaintiff is granted leave to file an amended complaint in which he may attempt to allege a claim against Livingston, if he can do so in good faith. In his amended complaint, plaintiff must "set forth specific facts" regarding what Livinsgton did, or did not do, that violated plaintiff's federal constitutional rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

**CONCLUSION**

1. Defendants John Muir Hospital and Nurse Jane Doe are DISMISSED with prejudice. The Clerk shall terminate them as defendants on the court docket.

2. The complaint is DISMISSED with leave to amend so that plaintiff may attempt to state a claim against Livingston, if he can do so in good faith.

3. The amended complaint must be filed within thirty days of the date of this order and must include the caption and civil case number used in this order (13-cv-2918-JST (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file the amended complaint by the deadline will result in the dismissal of the action.** The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 15, 2013



JON S. TIGAR
United States District Judge